IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CM HAIRSTON ROAD LLC d/b/a PARK AT HAIRSTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TEQUISSE HUTCHINS,<br><br>　　　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-CV-1414-TWT-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This action is before the Court on Defendant Tequisse Hutchins's application to proceed in forma pauperis and pro se Petition for Removal from the Magistrate Court of DeKalb County, Georgia. (Doc. 1). Hutchins's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. (Doc. 1). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the undersigned **GRANTS** the request for leave to proceed in forma pauperis for these proceedings only.

However, because it is evident that this Court does not have jurisdiction over the dispossessory action filed against Hutchins in the Magistrate Court of DeKalb County, the undersigned **RECOMMENDS** that this action be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction, which means that federal courts only have the power to provide a forum for some, not all, disputes. Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction (the authority to hear a dispute):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Accordingly, this Court must examine the Notice of Removal (Doc. 1-1) and the Petition of Removal and attached exhibits (Doc. 1-2) to determine whether the claims raised in the Magistrate Court of DeKalb County can properly be removed to this Court.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction, or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a defendant may remove a case to federal court only if the case could have been brought there originally. Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). The statute is strictly construed, requiring remand to the state court if any doubt exists over whether removal was proper. Allen v.

Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003).  The party seeking removal bears the burden to establish federal jurisdiction.  Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

On the Civil Cover Sheet in this action, Hutchins indicates that the basis of this Court's jurisdiction is federal question jurisdiction.  (Doc. 1-3).  The underlying action, however is a dispossessory action which is based solely on state law.  The Dispossessory Complaint filed in the Magistrate Court of DeKalb County alleges that Hutchins failed to pay rent that is past due.  (Doc. 1-2 at 4). The general test for whether a state court cause of action arises under federal law is the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar, Inc . v. Williams, 482 U.S. 386, 392 (1987). While Hutchins attempts to invoke federal jurisdiction by citing to the federal Fair Debt Collection Practices Act, the Due Process clause of the Fourteenth Amendment to the United States Constitution, and the Uniform Commercial Code (Doc. 1-1 at 2; Doc. 1-2 at 2), it is clear that no federal statute or right was relied upon in the dispossessory proceeding in the Magistrate Court of DeKalb County. Defenses or counterclaims based on federal laws or rights are not a proper basis for removal.  See Caterpillar, 482 U.S. at 393; Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which

appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); Kemp, 109 F.3d at 712 ("a case may not be removed on the ground of a federal question defense alone, even if that defense is valid"). Accordingly, Hutchins fails to meet the burden to establish that this Court has jurisdiction over the underlying dispossessory proceeding.[1]

## CONCLUSION

Because Hutchins has failed to establish that removal of the dispossessory proceeding is proper, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County. Hutchins's motion to proceed in forma pauperis (Doc. 1) is **GRANTED** solely for the purpose of remand.

So **ORDERED, REPORTED, and RECOMMENDED** this 11th day of May, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also apparent that diversity jurisdiction is not present in this action because Hutchins fails to allege facts to show both that the parties are diverse and that the amount in controversy exceeds the statutory threshold. See 28 U.S.C. § 1332(a).